*49
SUMMARY ORDER

Ren Qing Lian, a native and citizen of the People’s Republic of China, seeks review of a June 19, 2008 order of the BIA, affirming the August 28, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In Ren Qing Lian, No. A098 718 795 (B.I.A. June 19, 2008), aff'g A098 713 795 (Immig. Ct. N.Y. City Aug. 23, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
There is some dispute as to whether the IJ rendered an adverse credibility determination where Lian challenges such a finding, but the Government argues that the IJ ultimately rested his decision on burden of proof grounds. We need not resolve this issue as we will assume, without deciding, Lian’s credibility for purposes of our analysis. See Yan Chen v. Gonzales, 417 F.3d 268, 271-72 (2d Cir.2005) (“In reviewing the decision of the BIA, we assume, but do not determine, [the petitioner’s credibility as to his testimony concerning the events of his past and as to his subjective fear of future persecution.”).
The agency did not err in finding that Lian had failed to show past persecution. Because the IJ’s past persecution finding involves the application of law to a particular set of facts, i.e., the definition of persecution, we review that finding de novo. See Edimo-Doualla v. Gonzales, 464 F.3d 276, 282 (2d Cir.2006). The BIA has defined persecution as “a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive.” Matter of Acosta, 19 I. & N. Dec. 211, 222-23 (BIA 1985). The harm endured must be sufficiently severe, rising above “mere harassment.” See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006). Here, Lian alleged that on one occasion he was beaten with a stick on his head, neck and shoulders, when he physically blocked workers from a government-run plant from boarding his family’s fishing boat. He was not otherwise detained or harmed, and his father continues to operate the fishing business in his absence without incident. Because this was the only incident of mistreatment Lian alleged, the agency did not err in finding that he did not suffer past persecution. See Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005). While Lian claims that the below market price that the plant workers paid for his family’s fish constituted persecution, Lian offered no evidence that this constituted the “deliberate imposition of substantial economic disadvantage.” Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002) (citation and internal quotation marks omitted); see also Matter of T-Z-, 24 I. & N. Dec. 163, 170-75 (BIA 2007). Indeed, Lian testified that his family made 40 to 50,000 Yuan per year, “a sizable amount ... for people in China.”
Even if we were to find that the mistreatment Lian alleged constituted per *50 secution, the agency properly concluded that Lian has not demonstrated a nexus between his alleged mistreatment and an enumerated ground. See 8 U.S.C. § 1-101(a)(42); INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). It is clear from Lian’s testimony that the plant workers and public security officers went to his family’s boat solely to purchase fish at below market price; it did not appear that the authorities had any independent interest in Lian, and it was only when Lian attempted to physically interfere with the boarding of his family’s boat that he was harmed. In other words, Lian was not harmed for his political opinion, but rather for attempting to break up this single transaction. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 548 (2d Cir.2005) (ail'applicant’s opposition to corruption constitutes political opinion where the applicant’s actions were “directed toward a governing institution,” not “only against individuals whose corruption was aberrational,” and where the persecutor “was attempting to suppress a challenge to the governing institution as opposed to a challenge to isolated, aberrational acts of greed or malfeasance”). Lian failed to demonstrate that “the persecutor’s motive to persecute [arose] from [Lian’s] political belief.” Id. at 545 (citing INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Even if Lian had suffered persecution in some form, the agency properly found that he failed to establish the requisite nexus to a protected ground.
In sum, the agency correctly determined that Lian failed to establish eligibility for asylum. Because Lian was unable to show the objective likelihood of persecution needed to make out an asylum claim, he is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
Finally, the agency did not err in denying Lian’s CAT claim based on his alleged illegal departure. Indeed, Lian testified that he did not depart the country illegally but rather used his own passport to pass through all the identification and security checkpoints. Because Lian could not establish that he departed illegally, his CAT claim based on his purportedly “illegal” departure necessarily fails. See Mu Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003); Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).